IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RHADU J. SCHOOLFIELD,

        Petitioner,

v.                                      CRIMINAL ACTION NO. 2:17-cr-116

UNITED STATES OF AMERICA,

        Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Rhadu Schoolfield's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to Title 28, United States Code, Section 2255 ("§ 2255 Motion"). ECF No. 515. Having reviewed the motions and filings, the Court finds that a hearing is not necessary to address Petitioner's motion. *See* ECF No. 551; *see also* 28 U.S.C. § 2255(b). For reasons set forth below, the Petitioner's § 2255 Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On September 7, 2017, Petitioner was named in a superseding indictment charging him with various drug and firearm related charges. ECF No. 141. On October 18, 2017, Petitioner pled guilty by plea agreement to one count of Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Manufacture and Distribute One Kilogram or More of Heroin, in violation of 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(A). ECF Nos. 196–197. Petitioner's Presentence Investigation Report ("PSR") indicated that Petitioner's offense level was 39 based on the weight of the drugs, specific offense characteristics such as possessing a dangerous weapon, holding a leadership role, and obstructing justice by recklessly fleeing an officer. ECF No. 310. Petitioner

1

had a criminal history category VI. *Id.* Petitioner was also categorized as a career offender; however, the offense level for a career offender was less than the base level at 39. *Id.* The Court reduced Petitioner's offense level by three points for acceptance of responsibility for a total offense level of 36. *Id.* Therefore, the guideline sentencing range was 324–405 months with a mandatory minimum of ten years. *Id.* In Petitioner's position on sentencing, counsel had no objections to the proposed sentencing guideline calculations. ECF No. 315.

The Court held a sentencing hearing on February 21, 2018, where the Court addressed Petitioner's *pro se* letter requesting new counsel. Sentencing Transcript ("Sentencing Tr.") at 3–6; *see also* ECF Nos. 326, 560. However, Petitioner agreed to withdraw the motion and voluntarily proceeded with the sentencing. Sentencing Tr. at 7. Petitioner was sentenced to 288 months. *Id.* at 41–42; ECF No. 326.

Petitioner filed his *pro se* § 2255 Motion on February 22, 2019. ECF. No. 515. The Government responded on April 12, 2019. ECF No. 527. Petitioner filed his response to the Government on June 10, 2019. ECF No. 537.

## II. LEGAL STANDARDS

### A. Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999).

However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

**B. Ineffective Assistance of Counsel Claim**

A viable ineffective assistance of counsel claim arises when "the counsel's conduct so undermined the proper functioning of the adversarial process that the trial did not result in a just outcome." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove a claim of ineffective assistance of counsel, a petitioner must make two showings.

First, a petitioner must show that counsel's performance was deficient. *Id.* at 687. Counsel's errors must have been so serious that he or she was not actually functioning as "counsel" as guaranteed by the Sixth Amendment. *Id.* To demonstrate deficient performance, a petitioner

3

must show "that counsel's representation fell below an objective standard of reasonableness" under the prevailing norms of the legal community. *Id.* at 688.

"Judicial scrutiny of counsel's performance must be highly deferential," so "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. That presumption is even greater when counsel's decisions represent strategic, tactical decisions requiring "assessment and balancing of perceived benefits against perceived risks." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). A petitioner bears the burden of rebutting this presumption. *Strickland*, 466 U.S. at 689.

Second, a petitioner must show that the deficient performance prejudiced the defense. *Id.* at 687. In other words, counsel's errors must have been so serious that the petitioner was deprived of a fair trial with a reliable result. *Id.* To demonstrate prejudice, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Supreme Court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* In short, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgement of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

If a petitioner cannot meet either component of the *Strickland* test, the ineffective-assistance claim will fail. *See id.* at 700. Additionally, the Court need not address both components of the test if the petitioner makes an insufficient showing on one prong. *Id.* at 697.

**C. Guilty Pleas' Effect on § 2255 Motions and Ineffective Assistance of Counsel Claims**

Guilty pleas are "'grave and solemn act[s] to be accepted only with care and discernment.'" *United States v. Moussaui*, 591 F.3d 263, 278 (4th Cir. 2010) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). As such, when a defendant makes a knowing and voluntary guilty plea,

4

that person "'waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea.'" *Id.* at 279 (quoting *United States v. Bundy*, 392 F.3d 641, 644 (4th Cir. 2004)).

Moreover, a guilty plea generally limits collateral attacks to "whether the plea was counseled or voluntary." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1295 (4th Cir. 1992) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)). As such, a claim of ineffective assistance prior to the guilty plea may undermine that plea. *See id.* However, claims of ineffective assistance when there is a guilty plea on the record must meet a higher burden beyond the normal *Strickland* requirements. When there is a guilty plea, in order to satisfy the prejudice prong, a defendant must show that but for counsel's ineffective assistance, he would not have pled guilty and would have gone to trial. *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Furthermore, any statements made under oath are binding on the defendant, including any statements that confirm satisfaction of counsel. *Fields*, 956 F.2d at 1299 (citing *Blackledge v. Allison*, 431 U.S. 63, 74–75 (1977)).

### III. DISCUSSION

*1. Counsel's Failure to Object to Petitioner's Career Offender Designation*

Petitioner argues that his counsel should have challenged his career offender enhancement because 21 U.S.C. § 846 criminalizes a broader range of activity than the definition of a controlled substance. ECF No. 516 at 1, 3. Petitioner claims his counsel failed to conduct proper research that was fundamental to his case, which resulted in his career offender designation. ECF No. 537 at 5. However, prior to Petitioner's sentencing, the Fourth Circuit held that conspiracy convictions under § 846 are included in the definition of a "controlled substance offense" in § 4B1.1, and therefore, "may serve as career offender crimes." *United States v. Kennedy*, 32 F.3d 876, 890 (4th Cir. 1994). Petitioner relies on *United States v. Whitley*, 2018 U.S. App. LEXIS 15749 to support

5

his assertion that his counsel failed to conduct proper research on his career offender designation. *Whitley*, however, was not decided until after Petitioner's sentencing. As such, "[a] lawyer does not perform deficiently by failing to raise novel arguments that are unsupported by then-existing precedent," and therefore, Petitioner's counsel cannot be deemed deficient for failure to research when the controlling case, *Kennedy*, explicitly ruled that "a § 846 drug conspiracy qualifies as a controlled substance offense for career offender purposes." *United States v. Davis*, No. 18-4460, 2019 U.S. App. LEXIS 15332, at *536 (4th Cir. May 23, 2019) (per curiam) (citing *United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019)). Any other authority Petitioner cited is either irrelevant or unprecedented at the time of his sentencing.[1]

Additionally, Petitioner fails to demonstrate prejudice. Not only was Petitioner's unenhanced sentence level greater than a career offender enhancement level, but also, the Court gave Petitioner a sentence lower than his requested guideline range. ECF No. 326. Without the career offender enhancement, Petitioner would have a criminal history category of V, which includes a sentence range of 292–365 months. ECF No. 310 at 18. Petitioner's sentence of 288 months is well below this range. Therefore, Petitioner has failed to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Moreover, the sentencing range is just one of many factors to be considered by a court. 18 U.S.C. § 3553(a); *Kimbrough v. United States*, 552 U.S. 85, 128 (2007). During Petitioner's sentencing, the Court considered all of the § 3553 factors, including Petitioner's education, family history, etc. With these factors considered, the

---

[1] Petitioner cites *United States v. McCollum*, 885 F.3d 300, 309 (4th Cir. 2018), claiming this case "states that § 846 does not require an overt act. . ." ECF No. 537 at 6. Petitioner, however, misreads this case because *McCollum* holds that 18 U.S.C. § 1959(a)(5) does not require an overt act. 885 F.3d at 309. This case does not stand for the proposition that an overt act is needed to qualify as a controlled substance offense.

6

Court sentenced Petitioner well below the sentencing range. For these reasons, Petitioner's claim of ineffective assistance of counsel is without merit.

*2. Petitioner's Misinformed Discretion Claim*

Petitioner also argues that the Court imposed his sentence without an informed discretion because his career offender designation was inaccurate. *See* ECF No. 516 at 4. Section 2255 claims must point to errors that are constitutional, jurisdictional, or fundamental. Petitioner relies on *United States v. Tucker*, 404 U.S. 443, 92 (1972) to argue a "due process right to be sentenced to only information which is accurate." ECF No. 516 at 4. However, in *Tucker*, the trial judge imposed a sentenced founded on misinformation of a constitutional magnitude. *Id.* at 447. The Fourth Circuit held that a challenge to a career offender designation is not cognizable under § 2255 because a career offender designation is not of constitutional magnitude or a fundamental defect. *United States v. Foote*, 784 F.3d 931, 940-42 (4th Cir. 2015). Furthermore, even assuming a misapplication of the advisory guidelines, "a misapplication of the guidelines does not constitute a miscarriage of justice." *Mikalajunas*, 186 F.3d at 496. Therefore, even if Petitioner could demonstrate a misapplication of the guidelines has occurred, Petitioner's claim fails.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion is **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*,

855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims are based on incorrect interpretations of statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
November  , 2019

Raymond A. Jackson
United States District Judge